UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGGIE L. MCCARVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01976-JAR |
| | ) |
| CRAWFORD COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Reggie L. McCarver for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $0.93. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $4.67. The Court will therefore assess an initial partial filing fee of $0.93, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

2

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the Western Reception, Diagnostic & Correctional Center in St. Joseph, Missouri. At all times relevant to this complaint, however, he was an inmate at the Crawford County Jail in Steelville, Missouri. He brings this action under 42 U.S.C. § 1983. He names the Crawford County Sheriff's Department, Crawford County Jail Administration, Darin Layman, and Berry Ray as defendants. (Docket No. 1 at 1). Defendant Ray is sued in his individual capacity only. (Docket No. 1 at 4). The remaining defendants are sued in both their official and individual capacities. (Docket No. 1 at 2-3).

Plaintiff states that sometime on the week of August 19, 2018 to August 25, 2018, he was attacked in E-pod of the Crawford County Jail. (Docket No. 1 at 4). His alleged attacker was federal inmate Berry Ray. Plaintiff claims Ray used a broomstick to strike, puncture, and scratch him. He also states that Ray bit him. As a result of this incident, plaintiff suffered a hurt hand, strained back and side, and punctures or scratches to his neck and stomach. His left arm was also

3

bitten. He was treated with ibuprofen and antibiotic ointment. (Docket No. 1 at 5). Along with these injuries, plaintiff asserts that he suffers from emotional distress and night terrors. (Docket No. 1 at 4).

Plaintiff claims that the broomstick used in Ray's attack "was left out unguarded around inmates" along with a chair, electric cord, and electric hair clippers. (Docket No. 1 at 5). He states that these items were left "unattended and unguarded" for several hours each week for the purpose of providing haircuts to inmates. Plaintiff alleges that the Crawford County Sheriff's Department and the Crawford County Jail Administration "was well aware that a broomstick handle" could be used as a deadly weapon. He further asserts that defendant Darin Layman, the Crawford County Sheriff, was fully aware of the process being used to give inmates haircuts.

Plaintiff is seeking $570,000 in damages for his pain and suffering, scars and body aches, and for his emotional distress. (Docket No. 1 at 6).

## Discussion

Plaintiff alleges that he was beaten by a fellow inmate who was using a broomstick handle that had been left unattended in the jail. For the reasons discussed below, his complaint must be dismissed for failure to state a claim.

### A. Individual Capacity Claim Against Defendant Ray

Plaintiff's individual capacity claim against defendant Berry Ray must be dismissed because Ray was not acting under color of state law. In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552

F.3d 648, 650 (8th Cir. 2008). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Here, plaintiff alleges that defendant Ray was a federal inmate being housed at the Crawford County Jail, not an employee. Thus, he is a private party, rather than a state actor. Further, there is no indication whatsoever that Berry was participating in a joint activity with the state, such that he might be deemed to have acted under color of state law. Specifically, there are no allegations that Berry had a "meeting of the minds" with any state actor before allegedly assaulting plaintiff. To the contrary, plaintiff alleges that Berry attacked him after "a disagreement over T.V. time programs." (Docket No. 1 at 5). As a result of their disagreement, Berry "ran over to the corner" where he retrieved the broomstick handle. Because Berry was not acting under color of state law, he cannot be held liable under § 1983. Therefore, plaintiff has failed to state a claim against Berry in his individual capacity.

5

## B. Claims Against Crawford County Sheriff's Department and Crawford County Jail Administration

Plaintiff's claims against the Crawford County Sheriff's Department and the Crawford County Jail Administration must be dismissed. Departments or subdivisions of local government are not "juridical entities suable as such." *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). To that end, county jails and sheriffs' departments are not suable under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, plaintiff has failed to state a claim against defendants Crawford County Sheriff's Department and Crawford County Jail Administration.

## C. Official Capacity Claim Against Defendant Layman

Plaintiff's official capacity claim against defendant Layman must be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendant Layman is the Sheriff of Crawford County. A suit against him in his official capacity is actually a suit against Crawford County.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, plaintiff has three avenues by which he can prove the liability of Crawford County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations

7

by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson*, 388 F.3d at 591. However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not alleged facts supporting a municipal liability claim against Crawford County. To begin, there is no allegation that Crawford County had an official policy regarding the placement of haircutting implements, specifically broomsticks, in the jail. That is, there is no indication here that the broomstick being left "unguarded" for several hours once a

8

week was the result of a "deliberate choice" made by "the municipal official who has final authority regarding such matters." Furthermore, there are no allegations in the complaint that the placement of the broomstick resulted from a deliberately indifferent failure to train or supervise on the part of Crawford County.

This leaves "custom" as the only alternative by which plaintiff can allege municipal liability against Crawford County. To that end, plaintiff's complaint can be read as an attempt to assert the existence of an unofficial custom in allowing the broomstick to remain accessible in order to facilitate inmate haircuts. However, plaintiff's allegation that a broomstick was left out for several hours once a week does not constitute a "widespread, persistent pattern of unconstitutional misconduct." Specifically, plaintiff does not provide any facts suggesting that the system for giving haircuts has caused problems in the past. There is no indication, for instance, that other inmates have been assaulted by broomsticks or other unattended implements, thereby putting officials on notice that their practice put inmates in danger. Further, plaintiff does not demonstrate that the broomstick was the "moving force behind the constitutional violation." This assault was not caused by the broomstick; rather, plaintiff alleges that it arose out of a disagreement regarding television programming. While the broomstick was used to further the assault, there is no allegation that it created the conditions for the assault in the first place.

For the reasons discussed above, plaintiff has failed to state a municipal liability claim against Crawford County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's official capacity claim against defendant Layman must be dismissed.

9

### D. Individual Capacity Claim Against Defendant Layman

Plaintiff's individual capacity claim against defendant Layman must be dismissed because he has not adequately alleged that Layman failed to protect him.

Being subjected to assault is not part of the penalty that criminal offenders must pay for their offenses. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). As such, prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every injury suffered by one prisoner at the hands of another prisoner translates into constitutional liability. *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id.* "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

The entirety of plaintiff's allegations against defendant Layman consists of plaintiff's assertion that Layman "was fully aware and let the Crawford County Administrators/Jailers take this easier process in providing haircuts for inmates." (Docket No. 1 at 5). This claim is insufficient, because Plaintiff has not alleged that Layman knew of and disregarded an excessive risk to inmate safety. Plaintiff provides no facts to indicate that allowing the broomstick handle to remain unattended for several hours once a week has caused problems before. That is, plaintiff does not allege that other inmates were assaulted or injured by unattended haircutting implements in the past, thereby making Layman aware of a substantial risk to their safety. Certainly, he does not claim that Layman failed to institute changes after learning of such a risk.

Aside from the placement of the broomstick, plaintiff provides no other allegations showing that Layman failed to take reasonable precautions regarding inmate safety. For instance, he does not allege that defendant Layman knew of any specific threats towards plaintiff, whether by Berry or any other inmate. To the contrary, the assault by Berry appears to have stemmed from a disagreement over control of the television that escalated quickly to an assault, with little forewarning. At most, plaintiff's assertion that Layman wrongfully allowed the broomstick handle to remain accessible is akin to negligence, which is not applicable in § 1983 cases. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015) (stating that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); and *Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996) (stating that "mere negligence does not violate the Eighth Amendment"). Therefore, plaintiff's individual capacity claim against defendant Layman must be dismissed.

11

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). This motion will be denied as moot as plaintiff's complaint is being dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $0.93 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 22nd day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

12